UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOCAL 73, SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 10 C 2903 |
| UCHICAGO ARGONNE, LLC (OPERATOR OF ARGONNE NATIONAL LABORATORY), | ) ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This case comes before the court on two motions. Plaintiff Local 73, Service Employees International Union, AFL-CIO ("Local 73") has filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Defendant UChicago Argonne, LLC ("Argonne") has also filed a motion for summary judgment. For the reasons set forth below, Local 73's motion is granted. Argonne's motion is denied.

**BACKGROUND**

Argonne operates Argonne National Laboratory, a science and engineering research facility in Argonne, Illinois. Local 73 serves as the exclusive collective bargaining representative for those among its membership that are Argonne employees.

Argonne and Local 73 are parties to a collective bargaining agreement ("CBA") that became effective on June 9, 2007, and will expire on June 3, 2011. Section 7.1 of the CBA provides for the resolution of any controversies that are not satisfactorily resolved through the grievance process:

> Any controversy with respect to the meaning or application of any provision of this Agreement which has been processed through the grievance procedure and not satisfactorily adjusted in Step Three of the grievance procedure and not satisfactorily adjusted in Step Three of the grievance procedure may be submitted for arbitration by the Union by notifying the Laboratory in writing no later than fifteen (15) calendar days after the final decision in Step Three of the grievance procedure is communicated to the Chairman of the Union Grievance Committee.

Article VI of the CBA defines a grievance "as a difference of opinion between the Laboratory and the Union or between the Laboratory and an employee with respect to the meaning or application of any provision of this Agreement which is reduced to writing and filed for processing through the grievance procedure."

James Gleason ("Gleason") was a member of Local 73 who worked as a waste management mechanic at Argonne. Gleason's position required him to work with nuclear waste and other hazardous materials. Argonne mandated that its employees follow certain procedures when handling and disposing materials that had been subjected to radiological contamination. Before performing a task that involved potentially radioactive materials, workers had to review the Radiological Work Permit ("RWP") that described the task to be accomplished and specified the Personal

Protective Equipment ("PPE") needed to complete the task safely. Employees assigned to a job subject to a RWP were obligated to follow the PPE requirements listed; the necessary attire varied depending on the nature of the hazard but ranged from safety shoes and safety glasses to a full body suit and respirator. A worker that did not wear the necessary PPE would be subject to discipline.

On February 8, 2007, Argonne suspended Gleason because of his non-compliance with PPE requirements. Gleason filed a grievance challenging the suspension. Argonne and Local 73 resolved the dispute through arbitration where the arbitrator determined that a three-day suspension would serve as an appropriate penalty for Gleason's conduct. On July 1, 2009, Gleason committed another PPE violation that could have resulted in his termination. In lieu of termination, however, Gleason, Local 73, and Argonne settled the matter short of employing the grievance mechanism and entered into a Last Chance Agreement on August 11, 2009. The Last Chance Agreement provided that:

> In addition, if Gleason engages in any violations of the Laboratory's personal protective equipment ("PPE") requirements in the future and Gleason is terminated for said violations, Gleason and the Union hereby waive any and all rights Gleason and/or the Union may have to arbitrate such termination. Any future violations by Gleason that are not violations of PPE requirements shall not be governed by this Last Chance Agreement and will instead be addressed pursuant to Laboratory policies and past practice.

Argonne terminated Gleason on November 3, 2009, and notified him that the reason for his termination was an alleged violation of Argonne's PPE requirements that occurred on October 21, 2009. On November 16, 2009, Local 73 filed a grievance to protest Gleason's discharge which challenged Argonne's determination that Gleason committed a PPE violation on the date in question. Local 73 sought to pursue Gleason's grievance through arbitration but Argonne refused.

On May 11, 2010, Local 73 filed suit seeking to compel Argonne's participation in arbitration of Gleason's grievance pursuant to the Labor-Management Relations Act, 29 U.S.C. § 185, and the Federal Arbitration Act, 9 U.S.C. § 4. Local 73 and Argonne have now filed cross-motions for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could find for the nonmovant. *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir. 1994). The movant in a motion for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact by specific citation to the record; if the party succeeds in

doing so, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue of fact for trial. Fed. R. Civ. Proc. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In considering motions for summary judgment, a court construes all facts and draws all inferences from the record in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

When parties file cross-motions for summary judgment, each motion must be assessed independently, and denial of one does not necessitate the grant of the other. *M. Snower & Co. v. United States*, 140 F.2d 367, 369 (7th Cir. 1944). Rather, each motion evidences only that the movant believes it is entitled to judgment as a matter of law on the issues within its motion and that trial is the appropriate course of action if the court disagrees with that assessment. *Miller v. LeSea Broadcasting, Inc.*, 87 F.3d 224, 230 (7th Cir. 1996).

With these principles in mind, we turn to the parties' motions.

## DISCUSSION

Local 73 argues that it is entitled to summary judgment because Gleason's dispute over whether he engaged in conduct that justified his termination is substantively arbitrable. "[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960). The question of whether the parties agreed

to arbitrate a particular dispute is to be decided by the court unless the parties clearly and unmistakably state otherwise. *AT&T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 649 (1986). Our role in determining arbitrability is limited; we will not rule on the potential merits of the underlying case unless absolutely necessary. *United Steel, Paper, & Forestry, Rubber, Mfg., Energy, Allied Indus. And Serv. Workers Int'l Union v. Trimas Corp.*, 531 F.3d 531, 536 (7th Cir. 2008). The inclusion of a broad arbitration clause in the agreement between the parties creates a presumption of arbitrability. *Air Line Pilots Ass'n, Int'l v. Midwest Express Airlines, Inc.*, 279 F.3d 553, 559 (7th Cir. 2002). When the parties have agreed to arbitrate some matters pursuant to an arbitration clause, "the law's permissive policies in respect to arbitration counsel that any doubts concerning the scope of arbitral issues should be resolved in favor of arbitration." *Granite Rock Co. v. Int'l Bhd. Of Teamsters*, 130 S. Ct. 2847, 2857 (2010) (internal quotation marks omitted).

Local 73 contends that summary judgment is appropriate because the Last Chance Agreement does not preclude arbitration of Gleason's dispute about whether he actually violated Argonne's PPE policy.[1] A party seeking to defeat the presumption of

---

[1] The parties do not dispute that Gleason would be entitled to arbitration of his grievance under the CBA if no specific exception to the arbitrability language applies. *Accord Niro v. Fearn Int'l, Inc.*, 827 F.2d 173, 175 (7th Cir. 1987) ("a settlement agreement is an arbitrable subject . . . except in circumstances where the parties expressly exclude the settlement agreement from being arbitrated").

arbitrability must show either an "express provision excluding [the] grievance from arbitration" or "the most forceful evidence of a purpose to exclude the claim from arbitration." *Warrior & Gulf*, 363 U.S. at 584-85. Argonne maintains that the Last Chance Agreement expressly excludes challenges to the conduct underlying Gleason's termination from arbitration. The language of the Last Chance Agreement does not support Argonne's contention. The agreement states that Gleason and Local 73 will waive their rights to arbitration if Gleason violates Argonne's PPE requirements and if Argonne terminates him because of said violation. The waiver language clearly precludes Local 73 or Gleason from arbitrating Gleason's termination if the preconditions listed are met. But the text does not clearly assign responsibility to any party for determining whether a violation occurred in the first place nor does it expressly exclude a dispute over that determination from arbitration. One could assume that Argonne had the authority to decide the threshold violation question and that the determination would not be amenable to arbitration, but "[a]greements that require us to assume that an issue has been excluded from arbitration cannot be said to expressly exclude that issue." *United Steelworkers of Am., AFL-CIO-CLC United Steel-Workers of Am., Local Union No. 1165 v. Lukens Steel Co.*, 969 F.2d 1468, 1476 (3d Cir. 1992). The absence of an express delegation of authority to Argonne on the threshold violation question and the lack of a more explicit waiver of arbitration for disputes regarding that

preliminary issue creates uncertainty as to whether the parties intended to submit such disagreements to an arbitrator for resolution. "[I]n uncertain situations, the presumption should favor arbitrability." *Niro v. Fearn Int'l, Inc.*, 827 F.2d 173, 175 (7th Cir. 1987). We find the grievance to be arbitrable pursuant to the CBA and we award summary judgment to Local 73 on that basis.

## CONCLUSION

Local 73's motion for summary judgment is granted. Argonne's motion for summary judgment is denied.

 

 

 

_____

Charles P. Kocoras
United States District Judge

Dated:   February 11, 2011