# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2903 | **DATE** | April 11, 2011 |
| **CASE TITLE** | Local 73, Service Employees International Union vs. uChicago Argonne, LLC | | |

**DOCKET ENTRY TEXT**

Defendant's motion (Doc [32]) for stay pending appeal is denied.

■[ For further details see text below.]

Docketing to mail notices.

---

# ORDER

This matter is before the Court on the motion of Defendant UChicago Argonne, LLC ("Argonne"), for a stay of the order compelling arbitration pending appeal. For the reasons set forth below, the motion is denied.

On May 11, 2010, Local 73, Service Employees International Union, AFL-CIO, ("Local 73"), filed suit seeking to compel Argonne's participation in the arbitration of a grievance arising out of a Last Chance Agreement entered by the parties. According to the Last Chance Agreement, the parties agreed that if Argonne's employee, Gleason, committed a safety violation and was terminated by Argonne, "Gleason and the Union [would] waive any and all rights Gleason and/or the Unions may have to arbitrate such termination." By a February 11, 2011 ruling, this Court, upon cross-motions for summary judgment, entered judgment in favor of Local 73 and compelled Argonne to participate in the arbitration of the parties' dispute. On March 11, 2011, Argonne appealed our decision to the Seventh Circuit and now moves to stay enforcement of the judgment pending appeal.

In seeking a stay pending appeal, Argonne must show, among other factors, that it will face irreparable harm absent a stay and that the stay will be in the public interest. *Hinrichs v. Bosma*, 440 F.3d 393, 396 (7th Cir. 2006).

After reviewing these factors, we conclude that a stay is not appropriate in the present case for two primary reasons. First, Argonne argues that, absent a stay, it will suffer irreparable harm because it will be required to participate in a costly arbitration proceeding that it believes it has not bargained for. However, participating in arbitration does not constitute irreparable harm. "The only harm that an order to arbitrate does is to make the party against whom the order is issued litigate a dispute in a forum not of his choosing." *Graphic Commc'ns Union v. Chicago Tribune Co.*, 779 F.2d 13, 15 (7th Cir. 1985). Second, Argonne contends that it is

in the public interest to create a favorable environment that would encourage employers to enter into last chance agreements. However, courts have repeatedly recognized the paramount importance of speedy and effective resolution of labor disputes through arbitration. *Id*; *Atchley v. Heritage Cable Vision Assoc.*, 101 F.3d 495, 501 (7th Cir. 1996). In the present case, we believe that the public interest will be better served if we allow the arbitration to proceed. Based on the foregoing analysis, we conclude that a motion a stay is not warranted under the present circumstances and deny Argonne's motion to stay.

Dated:   April 11, 2011

**CHARLES P. KOCORAS**
**U.S. District Court Judge**